NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1575


SCALLION HEATING, A.C, & ELECTRIC

VERSUS

VADE FITHIAN GORDON, III


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NATCHITOCHES CITY COURT
PARISH OF NATCHITOCHES CITY COURT, NO. 22,406
HONORABLE JACQUE D. DERR, CITY COURT JUDGE


\*\*\*\*\*\*\*\*\*\*


**ELIZABETH A. PICKETT**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.


**AFFIRMED.**


Henry Cole Gahagan Jr.
Gahagan & Gahagan
P. O. Box 1188
Natchitoches, LA 71458
(318) 357-0385
Counsel for Plaintiff-Appellee
Scallion Heating, A.C, & Electric

Robert Charles Owsley
Murchison & Murchison
P. O. Box 266
Natchitoches, LA 71458-0226
(318) 352-2302
Counsel for Defendant-Appellant
Vade Fithian Gordon, III

**Pickett, J.**

The defendant-appellant, Vade Gordon, appeals a judgment of the trial court awarding Scallion Heating, A.C. and Electric, Inc. (Scallion) $3,879.20 plus legal interest.

## STATEMENT OF THE CASE

Mr. Gordon hired Scallion, through its owner, Richard Calvert, to install two air conditioner units and install new wiring in a duplex Mr. Gordon owned in Natchitoches. On February 16, 2004, Scallion presented Mr. Gordon with an estimate to do the work of $12,973.00. When the work was finished on June 7, 2004, Mr. Gordon still owed Scallion $5,189.20.

Mr. Gordon met with Mr. Calvert at the duplex on August 5, 2004. At this meeting, Mr. Gordon discussed several deficiencies he found in the work Scallion had performed. One of the air conditioning units was leaking from the ceiling because the drain pan had been improperly installed. Scallion had cut notches up to three inches in the joists in the ceiling to facilitate drainage pipes from the drain pan. Mr. Gordon also complained that the emergency drainage line from the drain pan was dripping over a window. Mr. Gordon complained that the unit in the larger section of the house was installed in a place that did not maximize the storage space of the attic, an issue he had discussed with Mr. Calvert at the beginning of the project. With regard to the electrical work, Mr. Gordon complained that not all of the wires were properly capped or clamped, some of the old wiring was not replaced, and some of the outlets were not properly covered. At the conclusion of this meeting, Mr. Gordon wrote a check to Scallion for $2,000.00, but later stopped payment on that check.

On January 26, 2005, Scallion filed a petition in Natchitoches City Court

1

seeking payment of the remaining balance of $5,189.20 and asserting a lien on the property. Mr. Gordon filed an exception of prescription with respect to the lien. In his answer, Mr. Gordon sought dissolution of the contract, or, in the alternative, argued that he was entitled to an offset of $1,600.00 for repairs he made as a result of deficiencies in Scallion's work.

A bench trial was held on December 8, 2005, after which the court took the matter under advisement. On March 28, 2006, the trial court issued written reasons for judgment. The trial court found the lien was not timely filed and granted the exception of prescription. The trial court found that Scallion had proved that Mr. Gordon owed them $5,189.20, but also found that the air conditioners were not properly installed and that Scallion should not have put notches in the joists. The trial court allowed offsets of $1,055.00 for the installation of the air conditioning units and $255.00 to replace the joists in the ceiling. On April 17, 2006, the trial court signed a judgment awarding Scallion $3,879.20. Mr. Gordon now appeals that judgment.

## ASSIGNMENTS OF ERROR

The defendant-appellant asserts two assignments of error:

1. The trial court erred in not finding the work conducted by Scallion to be performed in such an unworkmanlike manner as to void the contract between the parties; and in the alternative

2. The trial court erred in determining the amount of judgment against Mr. Gordon by failing to properly take into account the replacement costs caused by the damage done by Scallion, as well as payments made by Mr. Gordon.

## DISCUSSION

Factual findings of a trial court will not be disturbed on appellate review unless the trial court is clearly wrong or committed manifest error. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

2

In his first assignment of error, Mr. Gordon argues the work Scallion performed on his property was not completed in a workmanlike manner. He cites two Louisiana Civil Code articles to support his contention that the contract should be voided. Civil Code Article 1994 states:

> An obligor is liable for the damages caused by his failure to perform a conventional obligation.
>
> A failure to perform results from nonperformance, defective performance, or delay in performance.

Civil Code Article 2769 states:

> If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.

Both of these articles contemplate damages, not rescission of the contract, in the event of defective performance or a delay in performance. Mr. Gordon cites no law which supports his argument that the contract should be voided. This assignment of error lacks merit.

In his second assignment of error, Mr. Gordon disputes the amount of damages awarded by the court. As to the construction of the air conditioner unit and the placement of the unit, Mr. Gordon submitted an estimate from Dale Self of AAAA Able A/C & Heating for moving the units and properly leveling them on platforms. The total amount of this bid was $1,265.00. At the time of the trial, Mr. Self had performed this work. The trial court disallowed $210.00 of this total for work Mr. Self did that was not related to the Scallion contract. This work solved the problems related to the leaking drain pan and the lack of space. Mr. Gordon presented no evidence of any other damages related to these issues.

As to the ceiling joists, Mr. Gordon introduced an estimate from Russell

3

Construction for $559.60 to repair the ceiling joists ($255.00) and to build platforms for the air conditioners ($303.60). Since AAAA Able had already moved the air conditioner units and put them on platforms, the trial court awarded only $255.00 to repair the joists. The trial court did not award any damages on account of the age of the joists that were destroyed, stating in its reasons that the work would not impugn the interior look of the house. Furthermore, Mr. Gordon did not present any evidence to indicate the amount of damages he should be awarded for the age of the destroyed joists.

The trial court found that Mr. Gordon failed to show that the remainder of the work was defective. This finding was not manifestly erroneous. Even if the trial court had found the rewiring done by Scallion was defective, Mr. Gordon offered no evidence of the costs associated with repairing those defects.

Finally, Mr. Gordon discusses the issue of the timeliness of the work in his brief. This issue was not raised in the trial of this matter. It cannot, therefore, be raised for the first time on appeal.

## CONCLUSION

We find no manifest error in the findings and conclusions of the trial court. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the appellant, Mr. Gordon.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.